UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – SAN ANTONIO DIVISION

CASE NO. 5:24-cv-00021

MARIE FERDINAND FOUNDATION,
       *Plaintiff,*

vs.

JAMELLA L. LEE,
       *Defendant.*
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

MARIE FERDINAND FOUNDATION sues JAMELLA L. LEE and alleges as follows:

1. This is an action for violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

2. As set forth in more detail below, JAMELLA LEE willfully infringed the MARIE FERDINAND FOUNDATION's trademark "MARIE FERDINAND FOUNDATION" by registering and continuing to hold the domain names *marieferdinandfoundation.com* and *marieferdinandfoundation.org* ("Domain Names"), since 2016 and 2017, respectively, and acts as a cybersquatter by continuing to re-register the Domain Names, which activities will continue unless enjoined by this Court.

## PARTIES

3. Plaintiff is a non-profit organization organized and existing under the laws of the State of Texas, with their principal place of business located in San Antonio, Texas.

4. Defendant is an individual believed to reside in Bexar County, Texas.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter of this action and of the parties to this action pursuant to 28 U.S.C. §§ 1331.

6. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 (b)(2), as a substantial part of the events giving rise to the claim occurred in Bexar County, Texas.

## BACKGROUND FACTS GIVING RISE TO THE CLAIM

7. On August 18, 2017, JAMELLA LEE filed a wage claim with the Texas Workforce Commission ("TWC") pursuant to the Texas Payday Law, claiming the MARIE FERDINAND FOUNDATION ("FOUNDATION") owed her unpaid wages totaling $33,626.00 pursuant to an oral contract to serve as CEO of the FOUNDATION.

8. On October 26, 2017, the TWC's Preliminary Wage Determination Order issued in Case No. 17-057272-6 required the FOUNDATION pay LEE $5,916.00, calculated by multiplying 816 hours by the current hourly minimum wage in the absence of a written employment agreement.

9. The FOUNDATION and LEE both appealed, and on December 11, 2017, the TWC held a telephonic hearing at which Marie Ferdinand, the FOUNDATION's President, and LEE appeared and testified under oath.

10. JAMELLA LEE brought 328 pages of documents as proof of her claim, which included LEE's testimony that she helped develop a website for the FOUNDATION, for which she acted as sole administrator of the Domain Names and website.

11. JAMELLA LEE admitted the FOUNDATION paid the fee to register the FOUNDATION's domain name, marieferdinandfoundation.org, with GoDaddy during her testimony to the TWC.

12. JAMELLA LEE did not disclose to the FOUNDATION at any time that she registered another domain name, marieferdinandfoundation.com, several months earlier, also using FOUNDATION funds.

### DEFENDANT'S INFRINGING ACTS AND BAD FAITH CONDUCT

13. Ms. LEE admitted registering the domain name with GoDaddy as the administrator during the Texas Workforce Commission hearing on December 11, 2017, and she has continuously blocked the FOUNDATION's access to those domain names or website by naming herself the sole agent/registrant to the FOUNDATION's domain name "marieferdinandfoundation.org" with GoDaddy.

14. The FOUNDATION's funds paid the fee for JAMELLA LEE to register the domain name "marieferdinandfoundation.com" with GoDaddy on July 5, 2016.

15. Ms. LEE's exhibits submitted to the TWC clearly show that JAMELLA LEE made herself the sole contact for GoDaddy to communicate with the FOUNDATION, she did not cc Marie Ferdinand on emails with GoDaddy and never added Marie Ferdinand's name, title, or contact information to GoDaddy as an administrator of either of the FOUNDATION's domain names.

16. JAMELLA LEE obtained TWC's order directing the FOUNDATION to pay LEE wages for work not delivered and openly misappropriated by LEE, who continues to hold the two FOUNDATION domain names.

17. JAMELLA LEE never transferred the domain names to FOUNDATION but has continued to hold the FOUNDATION's domain names, re-registering them every two years using Domains By Proxy, LLC in an effort to shield her identity from the FOUNDATION.

18. The FOUNDATION possesses all rights, title and interest in and to the common law MARIE FERDINAND FOUNDATION trademark based on the continuous use of the mark since the FOUNDATION was organized in Texas in 2010.

19. Ms. LEE registered and holds the domain names with a bad-faith intent to profit from the Marie Ferdinand Foundation trademark; the trademark was distinctive at the time the domain names were first registered; the domain names are identical to the trademark, and the trademark qualifies for protection under federal trademark laws, as the Marie Ferdinand Foundation trademark is distinctive and the Marie Ferdinand Foundation was the first to use the trademark in commerce.

20. The FOUNDATION's use of the Marie Ferdinand Foundation trademark has continued uninterrupted since 2010, and Plaintiff has never abandoned use of the Marie Ferdinand Foundation trademark.

21. The FOUNDATION's claim for Cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d), arises from JAMELLA LEE's bad faith actions blocking the FOUNDATION's access to these domain names, profiting from her registration and continued holding of the Domain Names as the sole administrator, blocking the FOUNDATION's use of their own trademark, and by JAMELLA LEE's continuous renewals of the registration of the Domain Names as sole holder.

22. The second-level domain name portion of the marieferdinandfoundation.com and marieferdinandfoundation.org internet domain names use Marie Ferdinand Foundation's exact name.

23. JAMELLA LEE's initial registration of the Domain Names paid for by the FOUNDATION, listing only herself as administrator, and her continued re-registration of the Domain Names until or unless paid by the FOUNDATION, violates the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d) and directly caused the FOUNDATION to suffer harm, loss, and damages.

24. JAMELLA LEE's 2016 and 2017 bad faith registrations of the Domain Names with funds provided by the FOUNDATION and subsequent re-registrations of the Domain Names have caused damage to the FOUNDATION, and unless restrained and enjoined by this Court, JAMELLA LEE's actions will continue to cause harm, damage and injury to the FOUNDATION.

## **PRAYER FOR RELIEF**

WHEREFORE, MARIE FERDINAND FOUNDATION pray that the Court take jurisdiction of this matter and issue an Order:

> A.  Granting preliminary and permanent injunctions restraining JAMELLA LEE from using or re-registering the internet domain names marieferdinandfoundation.com and marieferdinandfoundation.org, or any internet domain name containing MARIE FERDINAND FOUNDATION;
>
> B.  Directing Domain Name Holder JAMELLA LEE to relinquish all rights in, and to transfer to MARIE FERDINAND FOUNDATION the domain names marieferdinandfoundation.com and marieferdinandfoundation.org;

  C. Awarding MARIE FERDINAND FOUNDATION attorney fees and costs pursuant to 15 U.S.C. § 1125; and

  D. Awarding MARIE FERDINAND FOUNDATION such other and further relief the Court deems just and proper.

DATED: JANUARY 5, 2024

           Respectfully submitted,

/s/: *Leigh M. Williams*
          Leigh M. Williams, Esq.
          Tex. Bar No. 24105022
          LEIGH M. WILLIAMS LAW OFFICE, PLLC
          1701 W. Kansas Ave.
          Midland, TX 79701
          Tel.: (432) 901-2141
          e-mail: leigh@williamslegal.org